## Kleckner *against* Klapp.

The addition of the word "surety" to the name of one of several signers to a note does not change his character or liability from that of a promisor to that of a guarantor.

ERROR to the Common Pleas of *Union* county.

George Kleckner against John Klapp. This action originated before a justice, and was brought into court by appeal. It was founded upon the following agreement:

"Article of an agreement made and entered into the 25th of March 1836, between George Kleckner, of Hartley township, Union county, and state of Pennsylvania, of the one part, and Henry Charles, of the township, county and state aforesaid, of the other part, witnesseth, that the said George Kleckner does, by these presents, agree to lease or rent unto the said Charles all that parcel or tract of land, together with the appurtenances, for the term of three years, (if the said property is not sold before the expiration of said term,) containing 100 acres, more or less, adjoining lands of Henry Roush, on the west, Gundy on the east, together with all the ways, woods, water-rights. And the said Charles does agree to cut no timber more than is necessary for making fences; no hay or straw to be sold or given off the place. The said Charles is to pay all the taxes that may be assessed against said property. The house and lot occupied by Doughenbach is to be excepted, and the taxes of the said house and lot the said Charles shall be exempted from paying. For and in consideration of the above-mentioned property, said Charles does agree to pay the said Kleckner sixty dollars for the first year, eighty dollars for each of the other two years, and give bail for the yearly rent of the above-mentioned condition. In testimony whereof, we, the said parties, have hereunto set our hands and seals, the day and date above-mentioned.

GEORGE KLECKNER,<br>
H. CHARLES,<br>
JOHANNES KLAPP, surety."

Witness, CHARLES MASON.

[Kleckner v. Klapp.]

The subscribing witness to the agreement was examined as a witness, and testified that when the agreement was executed, he added the word "surety" to the name of the defendant, with the assent and understanding of all parties that Klapp was the security or bail mentioned to be given, in the agreement.

Kleckner had sued Charles, and failed to recover the money: the proceedings in that action gave rise to the question whether the plaintiff could recover in this. In answer to a point put by the plaintiff, the court thus instructed the jury:

"The duty of the creditor to pursue the goods of the principal before resorting to the surety, has its foundation in a principle derived from the civil law, and prevails when the principal and surety are bound by *separate instruments.* When they are bound in the *same instrument,* the rule indicated in this point would be the proper one. But the contract in writing is entirely between Kleckner and Charles, and among the stipulations is one which obliges Charles to *procure bail* for the payment, which can scarcely be deemed the contract of Klapp. By signing his name below, coupled with the word *surety* annexed to his name, in connexion with the parol evidence explaining for whom he was surety, the defendant must be considered as making himself liable as a *guarantor;* and therefore the plaintiff is not entitled to recover against him unless the jury believe, that the plaintiff has previously used due diligence in endeavouring to collect the debt from Charles. And whether this diligence has been used or not, is a fact for the jury."

*Slenker,* for plaintiff in error, cited and relied upon the case in 10 *Watts* 258.

*Weirich* and *Jordan,* for defendant in error, argued that the defendant must be characterized by the nature of the instrument to which he became a party, and the manner in which he became responsible. It is apparent that it was not the design of the immediate parties to the instrument, that it should be signed by any one but themselves as lessor and lessee; and in addition to this, it also appears that they contemplated an independent engagement by a third person, who was to become a guarantor for the performance of the lessee. Their mode of carrying their design into effect, should then be construed by their manifest intention, as expressed by the addition of the word "surety" to the name of the defendant. 3 *Penn. Rep.* 18; 16 *Serg. & Rawle* 79; 9 *Serg. & Rawle* 202.

Per Curiam.—This is exactly the case of *Craddock* v. *Armor,* in which such a marginal annexation to the name of one of the parties, was not allowed to change his character of promissor to that of a guarantor. Here, it is true, the obligatory words of

the instrument are strictly applicable to the principal contractor; but so they were in the case just quoted, for the debt was declared to be payable in "meat at *my* stall;" and it is too clear for a doubt, that the parties meant to join in the same engagement. Whether the promise was joint or several, has not been argued, and we do not at present decide it.

Judgment reversed, and a *venire de novo* awarded.